## SUPREME COURT.

### HENRY MIER agt. CARTLEDGE & FERGUSON.

Although it is a settled rule that a pleading will not be stricken out on motion as false, where it is verified by the oath of the party according to the rules and practice of the court, (because the court will not try the matter upon affidavits, 1 Hill, 370.) Yet, where the court can plainly see, from the pleading, that a new and equivocal formula and unaccustomed words are averred, instead of the usual and proper language, to form an issue, by which it is quite clear that a real issue upon the facts is not produced, and evidently was not intended, it is a duty to hold such a pleading not within the rule.

*New York Special Term, Oct.* 1849.—The complaint was on two drafts on, and accepted by, the defendants.

The defendant Ferguson pleaded, that " he denies that the defendants in said complaint mentioned, did as therein alleged, accept the drafts in said complaint mentioned, or either of them;" which was verified as required by the code.

C. EDWARDS, *for plaintiff*, moved to strike out the answer, as a sham

defence, on affidavits which set out that the drafts had been accepted by the defendants' agent for debts owing by the defendants to the plaintiff; that after they had been dishonored, the defendants had repeatedly promised the plaintiff's agent to settle the matter of the drafts, never intimating a question as to their liability on them; and had three several times written to the plaintiff in England, where he resides, recognizing their liability, expressing regrets that they had been obliged to permit their acceptances to be dishonored, proposing terms of payment, and asking for indulgence, and uttering threats in case they were coerced.

E. PAINE, *for defendants*, read no affidavits, but relied upon the facts that the answer had been verified, and that it amounted to the general issue; which had never been stricken out as a false plea.

EDMONDS, Justice—The practice of striking out a plea as false, has for some time prevailed in this court, and is founded on the same considerations which lay at the foundation of the practice of striking out frivolous pleas; the delay, namely, which was generally the object of such a mode of pleading, and which it is the duty of the court to guard against.

But there have been two exceptions to the rule : one was that of the general issue; and the other, that of a plea when verified by the oath of the party. The former exception is not now applicable, because under the code of practice, we no longer have any general issue but the latter, I apprehend, is still applicable.

The court have held, that when a plea was verified under the rules adopted pursuant to the act of 1840, to wit, that " the defendant believes it to be true in substance and matter of fact," it could not be stricken out as false, because the court could not try the matter upon affidavits. (*Maury* v. *Van Arnum*, 1 Hill's R. 370.)

Such pleadings are now to be verified more strongly than was required by the rules of 1840 ; and accordingly the answer in this case is verified by the defendants' oath, that " it is true of his own knowledge."

The answer, however, is justly subject to some criticism. It does not say that the defendants did not accept the drafts, which is the true mode of pleading, according to all well-established rules ; but it says that the defendant denies that the drafts were accepted, &c.; so that when the verification says that the answer is true of defendant's own knowledge, it may mean that the fact which is thus sworn to be true is the fact that defendant denies the acceptance, and not the fact that the drafts were not accepted.

Again, the answer denies that they were accepted, " as in the complaint alleged." The complaint alleges that they were accepted by the defend-

ants, and the affidavits show that they were accepted by their authorized agent. Such a mode of declaring is right enough, and the plaintiff may sustain his averment by proof of an acceptance by an agent; yet the answer is so expressed, especially when taken in connection with the affidavit, as to mean merely to deny that the defendants personally themselves accepted; so that the answer and verification may be true; and yet the defendants be bound beyond all question as acceptors of the drafts.

If the answer had pursued in this respect the usual and proper language, instead of adopting a new and somewhat equivocal formula, and in accustomed words had averred that the defendants did not accept in manner and form, &c., then the verification would have brought this case within the exception, and placed the court in the position that it ought not to settle the question of the truth or falsehood of the answer on affidavits; but it has used language which may convey an idea quite different from that precise one which could alone have that effect.

I fully accord with the sentiments uttered by this court on a former occasion, (*Broome County Bank* v. *Lewis*, 18 Wend. 566,) that the propriety of exercising this power (that, namely, of striking out sham and false pleas) is manifest from the consideration that it is unbecoming the dignity of courts of law, unfit and improper in itself, and unjust to other suitors, that courts should be compelled to examine and decide questions which have no foundation in the facts of the case; and that it would be a reproach to the administration of justice, if delays could be procured by what may properly be denominated frauds upon the right of pleading; and I am therefore disposed to be strict in examining pleadings where there is ground to suspect that a defence is put in for delay, rather than for the legitimate purpose of procuring a judicial determination.

In this case, though the defendant is put upon his guard by the affidavits which have been served upon him, and his attention has thus been called to the allegation that his answer is false and a sham, and to the facts by which that allegation is sought to be established, yet he has made no answer whatever, has made no explanation of the facts alleged against his good faith, and has manifested none of that anxiety which is so natural where one has an actual defence, and is possessed of a sincere desire to have it properly presented to the court. In three of their letters to the plaintiff, the defendants never intimated any objection to the claim which the plaintiff sets up upon these drafts. In one of them, they express their regret that their acceptance came back, and apologize for it. This was after the first one and before the second one became due; and they promise to remit as soon as possible, and attempt to quiet the plain-

tiff by an assurance that he will get full interest on his claim.   In their second letter they promise to secure the plaintiff's debt, and possibly make payment in good business paper; and in one of them they threaten those who shall place themselves in a hostile attitude, and boast that they never fight but they win!

If these letters relate to any other transactions than these drafts, it was indeed very easy for the defendants to explain them away: they have had the opportunity, and remain silent.   The inference from that silence is very strong; and when it is considered that the first of the letters speaks in terms of the acceptance, and the last one was handed to the plaintiff's agent as their answer to a demand by him for payment of the drafts, becomes quite irresistible that they have no defence in fact.

When to this are added the facts that the plaintiff's agent called on defendants for payment of these drafts in July, 1848, and several times between that and the 13th September following, and again in March, April and May, 1849, and had conversations with them in regard to them, in none of which did they intimate any question as to their acceptance, but repeatedly promised a settlement, until they finally stopped payment, it appears to me that the conclusion against the *bona fides* of their answer is too strong to be disregarded.

Still I may be wrong in this inference; and the danger of that admonishes me that in this, as well as in other like cases, the court ought to be very cautious in exercising the power of depriving a party of all opportunity of making a defence against a claim upon him.

While, therefore, I am constrained by the aspect in which this case presents itself to me, to hold that the defence set up in the answer is a sham defence, I am inclined to think that that ought to be without prejudice to the defendants' hereafter applying to the court for leave to put in an answer, when they can satisfy the court that they have a defence in fact, and desire in good faith to avail themselves of it.

With this reservation, the motion will be granted with costs.